PEOPLE v PEREZ

Docket No. 30084. Submitted April 6, 1978, at Lansing.—Decided October 4, 1978.

Miguel A. Perez was convicted of two counts of criminal sexual conduct in the first degree, Ingham Circuit Court, Ray C. Hotchkiss, J. The defendant appeals, alleging that he was denied effective assistance of counsel and that he was prejudiced by the prosecutor's cross-examination of the defendant about the defendant's drug usage. *Held:*

1. The line of questioning initiated by the defendant's attorney, to which the defendant objects, appears to be a reasonable choice of trial strategy for a competent criminal attorney. Therefore, the defendant was not denied effective assistance of counsel.

2. The prosecutor's cross-examination about the defendant's drug usage was proper because (1) the victim's consent was in issue and the defendant's use of drugs on the day in question was material to his ability to judge consent, and (2) the defendant first raised the issue of his drug usage.

Affirmed.

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE— STANDARD.

The standard for determining whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 315, 319-321.
  Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.
[2, 3] 29 Am Jur 2d, Evidence §§ 251-254.
  65 Am Jur 2d, Rape § 7.
[2] 81 Am Jur 2d, Witnesses §§ 477 *et seq.,* 516.
  75 Am Jur 2d, Trial §§ 576-578, 919-922.

2. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—VICTIM'S CONSENT—
   DEFENDANT'S DRUG USAGE—CROSS-EXAMINATION.

A prosecutor in a first-degree criminal sexual conduct case was entitled to pursue, on cross-examination of a defendant, the subject of the defendant's admitted drug usage where, because the issue of the victim's consent was crucial, the issue of drug usage was material to possibly show that the defendant's ability to judge consent was impaired by his use of drugs earlier in the day and where it was the defendant who first raised the question of his drug usage.

3. CRIMINAL LAW—APPEAL AND ERROR—CROSS-EXAMINATION—PREJU-
   DICIAL QUESTIONS BY PROSECUTOR—PRESERVING ISSUE—INSTRUC-
   TIONS TO JURY.

There is no basis for reversing a defendant's conviction because of a prosecutor's allegedly prejudicial questioning of the defendant on cross-examination where a curative instruction would have eliminated any harmful effect but the defense failed to object or request a curative instruction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Michael G. Woodworth,* Chief Appellate Counsel, for the people.

*Kulick, Smith & Kistler,* for defendant on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was tried in the Ingham County Circuit Court commencing May 11, 1976, on two counts of criminal sexual conduct in the first degree, contrary to MCL 750.520(b)(1)(f); MSA 28.788(2)(1)(f). He was convicted by the jury on both counts and sentenced June 18, 1976, to two concurrent terms of 20 to 40 years in prison. He appeals of right.

Typical of cases involving alleged sexual misconduct the trial boiled down to a one-on-one confrontation, with the complaining witness testifying

that defendant assaulted her when she was asleep in her apartment with her two children, and defendant testifying that the conduct was consensual. Because the jury was left with deciding which witness to believe, defendant argues that his trial counsel grossly misrepresented him by eliciting on direct examination the fact that while living in New York, the defendant had been involved in grand larceny in connection with a theft of an automobile. Appellate counsel asserts that it is now established that the charge of grand larceny resulted in a dismissal and not a conviction, and in the one-on-one situation counsel's error denied defendant effective assistance of counsel. *People v Degraffenreid,* 19 Mich App 702, 709; 173 NW2d 317 (1969), *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974).

We are not persuaded. Trial counsel skillfully avoided asking his client whether he had been convicted, and defendant's response was not that he had been convicted of grand larceny but that he had been involved. Trial counsel sought to paint a picture of his client as a man who had totally reformed after coming to Michigan from New York. He could best do so and still maintain a high professional standard by having his client tell the truth. Given the situation with which he was confronted, we believe this was probably the best tactic counsel could use. The most recent Supreme Court pronouncement on effective assistance of counsel appears in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). In that opinion the Court adopted the test formulated in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974):

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal

law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

We have carefully reviewed the entire record, including the action of defense counsel alleged to be erroneous. We find that the line of questioning would appear to be a reasonable choice of trial strategy to a competent criminal attorney and that defense counsel's performance satisfied the *Garcia* standards. We also do not believe that defendant would have a reasonably likely chance of acquittal given a new trial absent any error by counsel. *People v Degraffenreid,* 19 Mich App 702, 716, 718; 173 NW2d 317 (1969).

Defendant's second claim of error concerns allegedly prejudicial cross-examination of defendant about his admitted use of drugs. Since the crucial issue was consent, the issue of drug usage was material to possibly show that defendant's ability to judge consent was impaired by his use of drugs earlier that day. Also, it was defendant who first raised the question of drug usage and naturally the prosecutor was entitled to pursue the subject. Additionally, we find that the line of prosecutorial questioning was not so prejudicial that a curative instruction would not have eliminated any harmful effect. Therefore, in the absence of a timely defense objection and request for a curative instruction we find no basis for reversal. *People v Gould,* 61 Mich App 614, 625; 233 NW2d 109 (1975).

We believe that defendant's conviction resulted from a fair trial and it is, therefore, affirmed.